**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA GRABE, | ) | FILED: JUN 9, 2008 |
| | ) | 08CV3310 |
| Plaintiff, | ) | Case No. JUDGE CONLON |
| | ) | |
| v. | ) | Judge MAGISTRATE JUDGE DENLOW |
| | ) | RCC |
| MUSEUM OF SCIENCE AND INDUSTRY, | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Christina Grabe, by and through her attorneys, Pedersen & Weinstein LLP, for her Complaint against Defendant, Museum of Science and Industry, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") to recover damages for Defendant's unlawful discrimination against her based on her age. Plaintiff also asserts a claim of retaliation under the ADEA.

## JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C § 1132(a)(3).

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

## PARTIES

4. Plaintiff, Christina Grabe, was formerly employed by Defendant as an accounting clerk. Plaintiff began her employment with Defendant in 1993 and was unlawfully terminated on February 1, 2008. Plaintiff was 60 years of age when she was fired.

5. Defendant, Museum of Science and Industry, is located in Chicago, Illinois. At

all times relevant to this Complaint, Defendant employed more than fifteen employees and was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

***Background***

6. Plaintiff began working for Defendant in 1993. At the time she was hired, Plaintiff had an Associates Degree in Accounting and approximately 18 years of experience in the field of accounting.

7. From the date of her hire in 1993 through mid-1997, Plaintiff was responsible for inventory control and also had accounts payable duties. In approximately mid-1997, Plaintiff began working as an accounts payable accounting clerk and held this position until September 2006. During her tenure in accounts payable, Plaintiff performed well and consistently received excellent performance reviews. Indeed, throughout her employment, Plaintiff discharged all duties assigned to her competently and enjoyed an excellent reputation with regard to the quality of her work and her conscientious devotion to her job. Notwithstanding Plaintiff's impressive job performance, she was unlawfully fired because of her age.

***Plaintiff Accepts New Position Based On Promised Job Security***

8. In or around June 2006, Defendant's controller, Kathy Garant ("Garant"), approached Plaintiff about taking the newly created position of Accounting Clerk. Garant told Plaintiff that this position was being created to assist the senior accountant as well as the accounts receivable department. As Plaintiff was considering the new position, she told Garant that she intended to work for Defendant until she was ready to retire and wanted to make sure that by taking this new position, she was not being set up to be fired. Garant assured Plaintiff that she would not be fired. Based on Garant's promise, Plaintiff accepted the new position and

began working as Accounting Clerk in September 2006. Plaintiff was then replaced in the accounts payable position by a woman in her 20's.

9. When Plaintiff had been in her new position for approximately 6 months, she received another excellent performance review. Plaintiff was praised by Frances Boyd, her direct supervisor for the first part of 2006, as being a "solid performer who consistently did a good job" and as a person who "continuously seeks to learn more and enhance her skills." Further, Darlene Dyson ("Dyson"), Plaintiff's direct supervisor from the time Plaintiff became Accounting Clerk, wrote that Plaintiff met "each challenge with a positive attitude and is always willing to take on more, if necessary."

10. While Plaintiff enjoyed her new position, she was eager to learn more and take on additional responsibilities, which she communicated to Defendant. For example, on her self-assessment dated January 16, 2007, Plaintiff indicated that she knew there was more she could do to help others in the accounting department. Thereafter, in or around March 2007, Plaintiff began reporting to a new supervisor, Jocelyn Arvisais ("Arvisais"), who is in his mid-30's. Plaintiff asked Arvisais for additional responsibility and otherwise continued her effort to develop in her new role. On at least three occasions, Plaintiff also asked Garant and Tinesa Beyers, the assistant controller, for additional responsibilities because of her accounting background. However, on each occasion, Defendant refused to consider Plaintiff's expressed interest in expanded duties.

***Unlawful Termination***

11. As noted above, Plaintiff enjoyed her job and planned to continue working for Defendant until she retired. However, Defendant unexpectedly fired her on February 1, 2008. Defendant did not give Plaintiff a legitimate explanation for the termination, but instead claimed

that it was expanding the duties of her position and that the "new" job required a Bachelor's degree. Defendant did not offer Plaintiff the opportunity to apply for the new position, nor did it consider her for any other positions. Instead, Defendant simply gave Plaintiff a separation agreement in which it asked her to release all claims against it, including claims of age discrimination, in exchange for a nominal amount.

12. Plaintiff was shocked by her termination as it directly contradicted Garant's earlier promise that she would not lose her job if she accepted the position of Accounting Clerk, disregarded her excellent work history with Defendant, and ignored her repeated requests for additional job duties. When she learned she was being fired, Plaintiff said, "I'm going to be 61 years old; who is going to want to hire me," or words to that effect. Defendant callously told her it was her last day and this was the route it had decided to take.

13. As the oldest employee in the accounting department, Plaintiff believes Defendant fired her because of her age. Defendant's baseless explanation as to why she was terminated is nothing more than pretext, as demonstrated by Defendant's conduct after it fired Plaintiff.

14. Specifically, notwithstanding Defendant's claim to Plaintiff that the restructured position required a four-year degree, Defendant began advertising an opening for a staff accountant position which explicitly stated a four-year degree was not necessary. Defendant described the position as requiring the following qualifications: "Bachelor's degree (B.A.) in Accounting or an Accounting Major from four-year College or University; **or two to three years related experience and/or training; or equivalent combination of education and experience**" (emphasis added). Clearly Plaintiff met the qualifications as she had more than the minimally required two to three years of experience, in addition to having an Associates Degree in accounting. Indeed, Plaintiff is hard pressed to think of anyone who would have more "related

experience" than she had given that she had been working for Defendant performing some of the described job duties for several years.

***Plaintiff Filed A Charge Of Discrimination And Was Subjected To Retaliation***

15. After she was fired, Plaintiff recognized that Defendant had acted unlawfully by pushing her out because of her age. Accordingly, Plaintiff filed charges of age discrimination with the EEOC as well as the Illinois Department of Human Rights. Shortly after Defendant learned of the charges, it advised Plaintiff that it was revoking its previous severance offer, notwithstanding the fact that it had given her 21 days to consider whether or not to accept the offer and the 21 days had not yet lapsed. Defendant's revocation of the severance offer was plainly retaliation for Plaintiff having filed the charges against it. Plaintiff filed additional charges of retaliation based on this conduct.

***Defendant Failed to Exercise Reasonable Care To Prevent and Correct Unlawful Conduct***

16. Defendant's management directed, encouraged, and participated in the above-described unlawful conduct.

17. The discrimination and retaliation described above was consistent with Defendant's standard operating procedure.

18. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

***Plaintiff Timely Filed Charges of Discrimination and Retaliation***

19. Plaintiff timely filed charges of age discrimination and unlawful retaliation in violation of the ADEA with the EEOC. It has been more than 60 days since the charges were filed.

***Plaintiff Suffered Damage***

20. As a direct and proximate result of the unlawful conduct Plaintiff experienced, she has suffered extreme emotional and mental distress.

21. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

22. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

23. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct, as well as incurring attorneys' fees and costs.

***Punitive Damages***

24. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

**COUNT I**

**AGE DISCRIMINATION IN VIOLATION OF ADEA**

25. Plaintiff realleges paragraphs 1 through 24 and incorporates them by reference as paragraphs 1 through 23 of Count I of this Complaint.

26. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, ("ADEA") makes it unlawful for an employer to fail or refuse to hire, discharge, limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect her status as an employee, because of such individual's age.

27. By the conduct as alleged herein, Defendant subjected Plaintiff to age discrimination in violation of ADEA.

28. Defendant's conduct constitutes willful age discrimination against Plaintiff.

**COUNT II**

**RETALIATION IN VIOLATION OF ADEA**

29. Plaintiff realleges paragraphs 1 through 28 and incorporates them by reference as paragraphs 1 through 27 of Count II of this Complaint.

30. The ADEA, specifically 29 U.S.C. §623(d), makes it unlawful for an employer to discriminate against an employee who has opposed any practice made unlawful under the ADEA or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under the ADEA .

31. By the conduct as alleged herein, Defendant subjected Plaintiff to unlawful retaliation in violation of the ADEA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor and against the Defendant as follows:

a. Declare that the acts and conduct of Defendant violate the ADEA and its anti-retaliation provision;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

c. Award Plaintiff the value of all compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d. In the alternative to paragraph (c), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff prejudgment interest;

h. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

i. Award Plaintiff such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

Dated: June 9, 2008

By: */s/ Jill Weinstein*

PEDERSEN & WEINSTEIN LLP
309 W. Washington, Suite 1200
Chicago, IL 60606
Telephone: (312) 855-1200
Facsimile: (312) 855-1207
E-mail: jweinstein@pwllp.com
Attorney for Plaintiffs

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL 60606
(312) 855-1200
(312) 855-1207 (facsimile)