IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA GRABE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CV3310 |
| | ) | |
| v. | ) | Judge Conlon |
| | ) | |
| MUSEUM OF SCIENCE | ) | Magistrate Judge Denlow |
| AND INDUSTRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant Museum of Science and Industry ("Museum"), by and through its attorneys, and hereby responds to Plaintiff Christina Grabe's ("Plaintiff" or "Grabe") Complaint as follows:

## NATURE OF ACTION

1. Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") to recover damages for Defendant's unlawful discrimination against her based on her age. Plaintiff also asserts a claim of retaliation under the ADEA.

**ANSWER:** The Museum admits that Plaintiff purports to bring an action for discrimination and retaliation under the referenced statute. The Museum denies that the Museum engaged in conduct in violation of the statute and denies that Plaintiff is entitled to any of the relief she seeks.

## JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 1132(a)(3).

**ANSWER:** The Museum admits that this Court has subject matter jurisdiction for this action.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

**ANSWER:** The Museum admits that venue is proper for this action.

4. Plaintiff, Christina Grabe, was formerly employed by Defendant as an accounting clerk. Plaintiff began her employment with Defendant in 1993 and was unlawfully terminated on February 1, 2008. Plaintiff was 60 years of age when she was fired.

**ANSWER:** The Museum admits that Grabe became employed at the Museum in 1993, and that in or around September 2006, Grabe commenced a new position as an Accounting Clerk at the Museum. The Museum admits that Grabe's employment was terminated on February 1, 2008 when the Accounting Clerk position was eliminated. The Museum admits, on information and belief, that Grabe was 60 years old when she was terminated. The Museum denies the remaining allegations of Paragraph 4.

5. Defendant, Museum of Science and Industry, is located in Chicago, Illinois. At all times relevant to this Complaint, Defendant employed more than fifteen employees and was engaged in an industry affecting commerce

**ANSWER:** The Museum admits the allegations of Paragraph 5.

## FACTUAL ALLEGATIONS

*Background*

6. Plaintiff began working for Defendant in 1993. At the time she was hired, Plaintiff had an Associates Degree in Accounting and approximately 18 years of experience in the field of accounting.

**ANSWER:** The Museum admits that Plaintiff began working for the Museum in 1993. The Museum lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and they are on that basis denied.

7. From the date of her hire in 1993 through mid-1997, Plaintiff was responsible for inventory control and also had accounts payable duties. In approximately mid-1997, Plaintiff began working as an accounts payable accounting clerk and held this position until September 2006. During her tenure in accounts payable, Plaintiff performed well and consistently received excellent performance reviews. Indeed, throughout her employment, Plaintiff discharged all duties assigned to her competently and enjoyed an excellent reputation with regard to the quality of her work and her conscientious devotion to her job. Notwithstanding Plaintiff's impressive job performance, she was unlawfully fired because of her age.

**ANSWER:** The Museum admits that on information and belief Plaintiff performed some inventory control and accounts payable duties prior to 1997. The Museum admits that in or around 1997 Plaintiff began working as an Accounts Payable Clerk and that she held this position until in or around September 2006, at which point she became an Accounting Clerk. The Museum denies that Plaintiff "consistently received excellent performance reviews," but admits that Plaintiff's prior performance reviews indicated that Plaintiff generally met the required standards of her Accounts Payable Clerk position. The Museum denies the remaining allegations of Paragraph 7.

*Plaintiff Accepts New Position Based On Promised Job Security*

8. In or around June 2006, Defendant's controller, Kathy Garant ("Garant"), approached Plaintiff about taking the newly created position of Accounting Clerk. Garant told Plaintiff that this position was being created to assist the senior accountant as well as the accounts receivable department. As Plaintiff was considering the new position, she told Garant that she intended to work for Defendant until she was ready to retire and wanted to make sure that by taking this new position, she was not being set up to be fired. Garant assured Plaintiff that she would not be fired. Based on Garant's promise, Plaintiff accepted the new position and began working as Accounting Clerk in September 2006. Plaintiff was then replaced in the accounts payable position by a woman in her 20's.

**ANSWER:** The Museum denies that Ms. Garant, the Museum's Controller, first approached Plaintiff about the newly created Accounting Clerk position, but admits that Plaintiff approached Ms. Garant in or around June 2006 to discuss the position, and that Ms. Garant spoke with Plaintiff about the position. The Museum admits that Ms. Garant informed Plaintiff that the

3

position was primarily intended to support the Senior Accountant and other individuals in the Finance Department. The Museum denies that Ms. Garant assured Plaintiff that she would not be fired and/or that she would be employed at the Museum until she retired. The Museum admits that Plaintiff applied for and completed a bid form for the Accounting Clerk position, and was ultimately selected for that position. The Museum admits that a woman aged 25 applied for and was selected for Plaintiff's former Accounts Payable Clerk position after Plaintiff commenced her new position. The Museum denies the remaining allegations of Paragraph 8.

9.      When Plaintiff had been in her new position for approximately 6 months, she received another excellent performance review. Plaintiff was praised by Frances Boyd, her direct supervisor for the first part of 2006, as being a "solid performer who consistently did a good job" and as a person who "continuously seeks to learn more and enhance her skills." Further, Darlene Dyson ("Dyson"), Plaintiff's direct supervisor from the time Plaintiff became Accounting Clerk, wrote that Plaintiff met "each challenge with a positive attitude and is always willing to take on more, if necessary."

**ANSWER:** The Museum admits that in March 2007 Plaintiff received her annual performance review assessing her performance for the previous year, but denies that Plaintiff received an "excellent performance review" for her performance that year as either an Accounts Payable Clerk or an Accounting Clerk. The Museum admits that for Plaintiff's 2006 review Ms. Boyd made the referenced statements, among others, with regard to Plaintiff's performance as an Accounts Payable Clerk. The Museum admits that for Plaintiff's 2006 review Ms. Dyson made the referenced statements, among others, with regard to Plaintiff's performance as an Accounting Clerk. The Museum states further that Plaintiff's March 2007 Performance Review speaks for itself and denies any characterization inconsistent with the terms therein. The Museum denies the remaining allegations of Paragraph 9.

10.     While Plaintiff enjoyed her new position, she was eager to learn more and take on additional responsibilities, which she communicated to Defendant. For example, on her self-assessment dated January 16, 2007, Plaintiff indicated that she knew there was more she could

do to help others in the accounting department. Thereafter, in or around March 2007, Plaintiff began reporting to a new supervisor, Jocelyn Arvisais ("Arvisais"), who is in his mid-30's. Plaintiff asked Arvisais for additional responsibility and otherwise continued her effort to develop in her new role. On at least three occasions, Plaintiff also asked Garant and Tinesa Beyers, the assistant controller, for additional responsibilities because of her accounting background. However, on each occasion, Defendant refused to consider Plaintiff's expressed interest in expanded duties.

**ANSWER:** The Museum admits that Plaintiff indicated on her Self Assessment that she knew she could do more to help relieve other people's work load, but denies that Plaintiff demonstrated that she was eager to take on additional responsibilities in any meaningful way, and denies that she demonstrated the requisite skills or qualifications for the Staff Accountant position. The Museum admits that Plaintiff began reporting to Mr. Arvisais in or around March 2007, and that Mr. Arvisais is 34 years old. The Museum denies the remaining allegations of Paragraph 10.

*Unlawful Termination*

11.    As noted above, Plaintiff enjoyed her job and planned to continue working for Defendant until she retired. However, Defendant unexpectedly fired her on February 1, 2008. Defendant did not give Plaintiff a legitimate explanation for the termination, but instead claimed that it was expanding the duties of her position and that the "new" job required a Bachelor's degree. Defendant did not offer Plaintiff the opportunity to apply for the new position, nor did it consider her for any other positions. Instead, Defendant simply gave Plaintiff a separation agreement in which it asked her to release all claims against it, including claims of age discrimination, in exchange for a nominal amount.

**ANSWER:** The Museum lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 11 to the extent they purport to allege a fact about Plaintiff's state of mind, and they are on that basis denied. The Museum admits that on or around February 1, 2008, due to business needs, the Museum eliminated the Accounting Clerk position and created a Staff Accountant position. The Museum admits that Mr. Arvisais and Cheryl Williams, Human Resources Business Partner, met with Plaintiff on February 1, 2008 and informed her that her position was being eliminated and that the Museum would be hiring a Staff

Accountant in lieu of an Accounting Clerk. The Museum admits that during the course of the meeting Mr. Arvisais informed Plaintiff that the Accounting Department needed someone who could perform advanced accounting analysis and other accountant functions, and who had a bachelor's degree. Admitted that because Plaintiff did not have the education or necessary experience for the Staff Accountant position, and because her performance indicated that she lacked the necessary skills, she was not considered for the position. The Museum denies, however, that Plaintiff expressed an interest in applying for the position at that time. The Museum admits that Plaintiff was offered a severance package during her termination meeting, but that Plaintiff did not accept the severance package. The Museum denies the remaining allegations of Paragraph 11.

12.     Plaintiff was shocked by her termination as it directly contradicted Garant's earlier promise that she would not lose her job if she accepted the position of Accounting Clerk, disregarded her excellent work history with Defendant, and ignored her repeated requests for additional job duties.  When she learned she was being fired, Plaintiff said, "I'm going to be 61 years old; who is going to want to hire me," or words to that effect.  Defendant callously told her it was her last day and this was the route it had decided to take.

**ANSWER:**     The Museum lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 12 to the extent they purport to allege a fact regarding Plaintiff's state of mind, and they are on that basis denied. The Museum denies that Ms. Garant or any other member of Museum management ever promised or told Plaintiff that she "would not lose her job if she accepted the position of Accounting Clerk", denies that Plaintiff's performance as an Accounting Clerk was "excellent", and denies that Plaintiff made requests for additional job duties in any meaningful way. The Museum admits that Plaintiff referenced her age during her termination meeting.  The Museum denies that Mr. Arvisais or Ms. Williams were "callous" during Plaintiff's termination meeting. The Museum admits that Mr. Arvisais informed Plaintiff that the Museum would proceed with its intention to hire a Staff Accountant.

6

13. As the oldest employee in the accounting department, Plaintiff believes Defendant fired her because of her age. Defendant's baseless explanation as to why she was terminated is nothing more than pretext, as demonstrated by Defendant's conduct after it fired Plaintiff.

**ANSWER:** The Museum lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 13 to the extent they purport to allege a fact regarding Plaintiff's state of mind, and they are on that basis denied. The Museum denies the remaining allegations of Paragraph 13.

14. Specifically, notwithstanding Defendant's claim to Plaintiff that the restructured position required a four-year degree, Defendant began advertising an opening for a staff accountant position which explicitly stated a four-year degree was not necessary. Defendant described the position as requiring the following qualifications: "Bachelor's degree (B.A.) in Accounting or an Accounting Major from four-year College or University; **or two to three years related experience and/or training; or equivalent combination of education and experience**" (emphasis added). Clearly Plaintiff met the qualifications as she had more than the minimally required two to three years of experience, in addition to having an Associates Degree in accounting. Indeed, Plaintiff is hard pressed to think of anyone who would have more "related experience" than she had given that she had been working for Defendant performing some of the described job duties for several years.

**ANSWER:** To the extent a response is required, the Museum admits that the Job Posting for the Staff Accountant position listed the referenced qualification, among others. The Museum states further that the Job Posting speaks for itself and denies any characterization inconsistent with the terms therein. The Museum denies that Plaintiff satisfied the qualifications listed on the Job Posting or that she was qualified to perform all of the job responsibilities listed therein. The Museum denies the remaining allegations of Paragraph 14.

*Plaintiff Filed A Charge Of Discrimination And Was Subjected To Retaliation*

15. After she was fired, Plaintiff recognized that Defendant had acted unlawfully by pushing her out because of her age. Accordingly, Plaintiff filed charges of age discrimination with the EEOC as well as the Illinois Department of Human Rights. Shortly after Defendant learned of the charges, it advised Plaintiff that it was revoking its previous severance offer, notwithstanding the fact that it had given her 21 days to consider whether or not to accept the offer and the 21 days had not yet lapsed. Defendant's revocation of the severance offer was

7

plainly retaliation for Plaintiff having filed the charges against it. Plaintiff filed additional charges of retaliation based on this conduct.

**ANSWER:** The Museum lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 15 to the extent they purport to allege a fact regarding Plaintiff's state of mind, and they are on that basis denied. The Museum denies that the Museum acted unlawfully or "pushed [Grabe] out" because of her age. The Museum denies that it advised Plaintiff that it was revoking its severance offer. The Museum admits that on or around February 7, 2008, Grabe filed a charge with the Illinois Department of Human Rights, which charge was sent to the United States Equal Employment Opportunity Commission ("EEOC") for dual-filing, in which Grabe alleged, *inter alia*, that the Museum "presented her with a severance package, which [Grabe] refused to accept" and that the Museum "could have reassigned [Grabe] as the Accounts Payable Clerk in lieu of discharging me", and which charge stated nothing about Grabe desiring to apply for the Staff Accountant position. The Museum admits that it received from Grabe's counsel, a second, longer charge in which she alleged discrimination and retaliation, which bore an EEOC file stamp. The Museum denies the remaining allegations of Paragraph 15.

*Defendant Failed to Exercise Reasonable Care To Prevent and Correct Unlawful Conduct*

16. Defendant's management directed, encouraged, and participated in the above-described unlawful conduct.

**ANSWER:** The Museum denies the allegations of Paragraph 16, including the allegation that the Museum engaged in unlawful conduct.

17. The discrimination and retaliation described above was consistent with Defendant's standard operating procedure.

8

**ANSWER:** The Museum objects to Paragraph 17 on the basis that it is vague and confusing. To the extent an answer is required, the Museum denies the allegations of Paragraph 17.

18. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** The Museum denies the allegations of Paragraph 18.

*Plaintiff Timely Filed Charges of Discrimination and Retaliation*

19. Plaintiff timely filed charges of age discrimination and unlawful retaliation in violation of the ADEA with the EEOC. It has been more than 60 days since the charges were filed.

**ANSWER:** The first sentence of Paragraph 19 states a legal conclusion to which no response is required. The Museum admits that it received a copy of an EEOC charge from Grabe's counsel on May 28, 2008 which bore an EEOC file stamp date of March 27, 2008, but denies that it received a charge from the EEOC.

*Plaintiff Suffered Damage*

20. As a direct and proximate result of the unlawful conduct Plaintiff experienced, she has suffered extreme emotional and mental distress.

**ANSWER:** The Museum denies the allegations of Paragraph 20.

21. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

**ANSWER:** The Museum denies the allegations of Paragraph 21.

22. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

**ANSWER:** The Museum denies the allegations of Paragraph 22.

23. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct, as well as incurring attorneys' fees and costs.

**ANSWER:** The Museum denies the allegations of Paragraph 23.

*Punitive Damages*

24. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff s rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

**ANSWER:** The Museum denies the allegations of Paragraph 24.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF ADEA

25. Plaintiff realleges paragraphs 1 through 24 and incorporates them by reference as paragraphs 1 through 23 of Count I of this Complaint.

**ANSWER:** The Museum incorporates its answers to Paragraphs 1 through 24 as though set forth herein.

26. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, ("ADEA") makes it unlawful for an employer to fail or refuse to hire, discharge, limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's age.

**ANSWER:** The Museum admits that the referenced statute so provides. The Museum denies that it engaged in conduct in violation of the statute and denies that Plaintiff is entitled to any of the relief she seeks.

27. By the conduct as alleged herein, Defendant subjected Plaintiff to age discrimination in violation of ADEA.

**ANSWER:** The Museum denies the allegations of Paragraph 27.

28.     Defendant's conduct constitutes willful age discrimination against Plaintiff.

**ANSWER:**     The Museum denies the allegations of Paragraph 28.

## COUNT II

### RETALIATION IN VIOLATION OF ADEA

29.     Plaintiff realleges paragraphs 1 through 28 and incorporates them by reference as paragraphs 1 through 27 of Count 11 of this Complaint.

**ANSWER:**     The Museum incorporates its responses to Paragraphs 1 through 28 as though fully set forth herein.

30.     The ADEA, specifically 29 U.S.C. §623(d), makes it unlawful for an employer to discriminate against an employee who has opposed any practice made unlawful under the ADEA or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under the ADEA.

**ANSWER:**     The Museum admits that the referenced statute so provides.  The Museum denies that it engaged in conduct in violation of the statute and denies that Plaintiff is entitled to any of the relief she seeks.

31.     By the conduct as alleged herein, Defendant subjected Plaintiff to unlawful retaliation in violation of the ADEA.

**ANSWER:**     The Museum denies the allegations of Paragraph 31.

### **AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES**

#### **First Defense**

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

**Second Defense**

Plaintiff's claims for relief are barred because any actions actually taken by Defendant with respect to the subject matters alleged in the Complaint were undertaken in good faith, and constitute lawful, proper, justified and/or privileged conduct.

**Third Defense**

Plaintiff cannot recover punitive damages because Defendant did not act with malice or reckless indifference to the rights of Plaintiff.

WHEREFORE, the Museum requests that the Complaint be dismissed in its entirety with prejudice, with costs and fees to Defendant.

By:/s/ Nora Kersten Walsh

One of its Attorneys
Patricia Costello Slovak (ARDC # 2634929)
Nora Kersten Walsh (ARDC # 6277774)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5530

Attorneys for Defendant
Museum of Science and Industry

## CERTIFICATE OF SERVICE

    I, Nora Kersten Walsh, an attorney, hereby certify that on August 8, 2008, I electronically filed the foregoing Defendant's Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jill S Weinstein<br>
Pedersen & Weinstein LLP<br>
309 West Washington Street<br>
Suite 1200<br>
Chicago, IL 60606<br>
Email: jweinstein@pwllp.com

        /s/ Nora Kersten Walsh

        Nora Kersten Walsh